J-S32021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEAN EVELYN LANE | : | |
| | : | |
| Appellant | : | No. 1694 MDA 2017 |

Appeal from the Judgment of Sentence September 28, 2017
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000056-2017

BEFORE:     PANELLA, J., NICHOLS, J., and PLATT, J. *

MEMORANDUM BY NICHOLS, J.:                    **FILED DECEMBER 18, 2018**

Appellant Jean Evelyn Lane appeals from the judgment of sentence imposed after she pled guilty to two counts of delivery of a controlled substance and one count of driving under the influence (DUI).[1]  Appellant's counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and its Pennsylvania counterpart, ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm and grant counsel's petition to withdraw.

On July 6, 2017, Appellant entered an open guilty plea to the aforementioned offenses.  On September 28, 2017, the trial court sentenced Appellant to one to two years' incarceration for each drug offense and one to five years' incarceration for DUI.  ***See*** Sentencing Order, 10/4/17, at 1.  The

---

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 75 Pa.C.S. § 3802(d)(2), respectively.  The instant DUI offense was Appellant's third in ten years.

sentences were structured consecutively, resulting in an aggregate sentence of three to nine years' incarceration. *Id.*

Appellant timely filed a post-sentence motion for reconsideration on October 5, 2017. Appellant requested that the trial court impose a shorter term of incarceration because she "had undergone drug and alcohol treatment while awaiting sentencing, applied for Treatment Court, but was denied, and was willing to complete the [State Intermediate Punishment] program if given that opportunity." Post-Sentence Mot., 10/5/17. The trial court denied Appellant's motion on October 19, 2017.

Appellant filed a timely notice of appeal on November 2, 2017. Both the trial court and Appellant complied with Pa.R.A.P. 1925. On appeal, counsel filed an *Anders*/*Santiago* brief.

On August 14, 2018, this Court remanded the case for Appellant's counsel to file a proper petition to withdraw from representation or an advocate's brief. *See Commonwealth v. Lane*, 1694 MDA 2017, at 1. Counsel filed a motion for extension of time to file his brief, which we granted on September 17, 2018.

On September 28, 2018, counsel filed a petition to withdraw and an *Anders*/*Santiago* brief.[2] Counsel included a certificate of service indicating

---

[2] We note that counsel did not file a separate petition to withdraw, but rather, included his request in the *Anders*/*Santiago* brief. As a panel of this Court explained in *Commonwealth v. Fischetti*, 669 A.2d 399 (Pa. Super. 1995),

that he furnished to Appellant both the **Anders**/**Santiago** brief and a letter explaining her appellate rights. **See Anders**/**Santiago** Brief at 18.

Counsel's **Anders**/**Santiago** brief identifies the following issues on appeal:

1. Whether the Appellant should have received a Treatment Court or similar alternative sentence.

2. Whether the sentence of the court was excessive.

**Id**. at 4. Appellant has not filed a *pro se* brief or a counseled brief with new, privately retained counsel.

Because counsel has filed a petition to withdraw pursuant to **Anders**/**Santiago**, we must first address counsel's petition before reviewing the merits of the appeal. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). To be permitted to withdraw, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

---

> [a]lthough we believe the more desirable practice would be to submit a separate withdrawal request to the court, we . . . treat counsel's [request] in the brief itself as such a request. Consequently, we find that counsel's motion is properly before this Court for review[.]

**Id.** at 400 (internal quotation marks and citation omitted). Accordingly, we will treat counsel's petition to withdraw as properly filed.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted).

Here, counsel stated that after a conscientious examination of the record, he believes the appeal would be frivolous. *See* Pet. to Withdraw, 9/28/18, at ¶ 2. Counsel furnished a copy of the *Anders*/*Santiago* brief to Appellant, as well as a letter advising Appellant of her right to "present [her] own arguments to [this Court herself] or through privately retained counsel." Ltr. to Appellant, 9/28/18. Therefore, we conclude that counsel's petition to withdraw complies with the procedural dictates of *Anders*.

We next address whether counsel's brief meets the requirements established by the Pennsylvania Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Here, counsel has provided a summary of the procedural history and the relevant facts with appropriate citations to the record. *Anders*/*Santiago* Brief at 5-7. Counsel's brief also refers to the issues that he believes could arguably support the appeal. *Id.* at 8-14. Counsel's brief states that he conducted a thorough review of the record and determined that any appeal would be frivolous, and sets forth his reasons for that conclusion. *Id.*

- 4 -

Accordingly, counsel has substantially complied with the requirements of *Anders* and *Santiago*.

In his *Anders*/*Santiago* brief, counsel identifies two issues relating to the discretionary aspects of sentencing. First, counsel raises Appellant's intended claim that the trial court should have imposed a reduced sentence or an alternative sentence, such as treatment court or intermediate punishment, to allow Appellant to continue her efforts towards sobriety and rehabilitation. *Id.* at 8.

Counsel also raises Appellant's intended claim that her sentence is excessive. *Id.* at 14. Appellant argues that the court failed to give sufficient weight to her statement of remorse, or impose a sentence that would adequately address her drug and alcohol problem. *Id.* Moreover, Appellant asserts that her sentence is too harsh given the nature of the offenses. *Id.*

Before addressing the merits of a challenge to the discretionary aspects of sentencing, we must determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his [or her] issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

*Commonwealth v. Rush*, 162 A.3d 530, 543 (Pa. Super. 2017) (citation omitted).

The determination of whether there is a substantial question is made on a case-by-case basis. **_Id._** at 543. "A substantial question exists where a defendant raises a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **_Id._** (internal quotation marks and citation omitted).

We have held that an excessive sentence claim, in conjunction with an assertion that the court failed to consider mitigating factors, raises a substantial question for our review. **See Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (_en banc_) (finding a substantial question where the appellant challenged his sentence as unduly excessive in addition to the claim that the court failed to consider his rehabilitative needs).

Instantly, Appellant has filed a timely notice of appeal and a post-sentence motion. Appellant's counsel did not include a Pa.R.A.P. 2119(f) statement of the reasons relied upon for allowance of appeal in his brief. However, where counsel has filed an **_Anders_/_Santiago_** brief, "we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [an a]ppellant's issue is frivolous." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015). Appellant has also raised a substantial question for our review. **See Caldwell**, 117 A.3d at 770.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." **Rush**, 162 A.3d at 544 (citation omitted). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias,

or ill-will, or such lack of support so as to be clearly erroneous." ***Id.*** (citation omitted). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Id.*** (citation omitted).

Moreover, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010); ***see also Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545-46 (Pa. Super. 1995), (holding that the combination of a pre-sentence investigation report (PSI) and standard range sentence, absent more, cannot be considered excessive or unreasonable). Where "the sentencing judge had the benefit of a [PSI], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Finnecy***, 135 A.3d 1028, 1038 (Pa. Super. 2016) (citation omitted).

Here, the trial court relied on a PSI report in fashioning Appellant's sentence. ***See*** N.T. Sentencing Hr'g, 9/28/17, at 7. The court noted that Appellant had a "history of poor supervision" while on both probation and parole. ***Id.*** at 9. Although the trial court acknowledged that Appellant suffered from addiction issues, it ultimately agreed with the Commonwealth's

argument that because Appellant was a drug dealer,[3] "the Treatment Court program and their policies is not appropriate in this case." ***Id.*** at 9. Additionally, the trial court considered Appellant's prior record score, along with the Sentencing Guidelines, and sentenced Appellant within the standard range for each offense. ***See*** Trial Ct. Op., 1/25/18, at 1.

Therefore, there is no support in the record or law to support Appellant's claim that the trial court imposed an excessive sentence or that it failed to consider Appellant's rehabilitative needs. Accordingly, the identified claims are frivolous.

Lastly, our independent review of the record does not reveal any additional, non-frivolous issues in this appeal. ***See Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015). Accordingly, we grant Appellant's counsel's petition to withdraw and affirm the judgment of sentence.

Petition for leave to withdraw as counsel granted. Judgment of sentence affirmed.

_____

[3] The trial court noted that Appellant was found with fourteen grams of methamphetamine, fourteen grams of marijuana, and one thousand three hundred dollars. ***See*** N.T. Sentencing Hr'g, 9/28/17, at 9. Appellant is unemployed, and her sole source of income is social security, from which she receives a total of seven hundred and twenty-one dollars per month. ***See id.***

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/18/2018</u>